## John Hochreiter v. Anna Hochreiter.

### Gen. No. 13,606.

DIVORCE—*when right to temporary alimony sufficiently appears.* In an action for divorce, where the marriage is denied, temporary alimony should be awarded where the proof shows probable cause or a fair probability that the allegation of marriage will be sustained.

Divorce. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed January 14, 1908.

JOHN J. SWENIE and T. F. MONAHAN, for appellant.

NOVAK & POLLACK, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

To a sworn bill for divorce filed by appellee against appellant, alleging that the parties were married in December, 1893, and setting up grounds for divorce, defendant filed the following sworn negative plea, omitting the formal parts. The defendant for plea, etc., denies "that he ever was or is married to the complainant, and he denies that he is the husband of the complainant." With her bill complainant filed her sworn petition for temporary alimony and solicitors' fees. Upon the hearing of this petition complainant and defendant testified in open court, and their testimony was the only evidence heard. The court entered an order that defendant pay $12 per week alimony and $100 solicitors' fees, and from this order defendant prayed, was allowed and perfected an appeal. Subsequently, at the same term, the court entered an order that said former order be amended *nunc pro tunc* as of the day it was entered, by fixing the alimony to be paid at $8 per week.

The present appeal brings before us for review only the order that the defendant pay temporary alimony and solicitors' fees. The other interlocutory orders made in the cause can only be reviewed upon appeal from a final decree.

The facts testified to by the complainant are sufficient to establish a common law marriage between the parties late in 1892 or early in 1893, followed by cohabitation as husband and wife until December, 1906.

Defendant testified that he became acquainted with complainant late in 1893; that she was then a prostitute, and so told him; that he had intercourse with her and paid her money; that soon afterwards he went to live with her and continued to live with her until December, 1906, when they quarreled and he left her. He was asked on cross-examination whether he had not written complainant a large number of letters addressed to her as "My dear wife," and signed "Your loving husband Joe," and answered "I might have."

He was asked whether he did not introduce her to his relatives and friends as his wife, and answered, "I cannot say whether I introduced her as my wife, neither will I say that I did not."

In Bowman v. Bowman, 24 Ill. App. 165, it was said, p. 176: "While in an application for alimony the fact of marriage, if denied, must be proved, yet where it is practically the only fact in issue on said motion, as it is in this case, the proof should not be required to go beyond establishing probable cause or a fair probability that the petitioner will maintain her allegations." In that case the court cited and quoted from Brinkley v. Brinkley, 47 N. Y. (5 Sickels) 184, in which it was held that if the putative wife make out a reasonably plain case of the existence of the marital relation, she should be furnished with the means of temporary support and of conducting the suit until the truth or falsity of her allegations can be ascertained by the proofs taken in the case. In both of the cases above cited the marriage alleged was a common law marriage.

We cannot say that upon the evidence in this record the chancellor was not authorized to enter the order appealed from, and the order will therefore be affirmed.

*Affirmed.*